**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANWAR FARRA CONGRESS, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-CV-03930-XR |
| | § | |
| DHI MORTGAGE COMPANY LTD., | § | |
| FREEDOM MORTGAGE | § | |
| CORPORATION, MERS (MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC.), NESTOR SOLUTIONS, | § | |
| LLC, SECRETARY OF VETERANS | § | |
| AFFAIRS, VENDOR RESOURCE | § | |
| MANAGEMENT INC., | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Plaintiff Anwar Farra Congress's Motion to Remand or, Alternatively, for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5) and the associated briefing (ECF Nos. 6, 13).  After careful consideration, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Anwar Farra Congress resides in a property at 14607 Clay Ridge Run, San Antonio, Texas 78253.  ECF No. 1-1 at 24.  To purchase the Property, he took out a mortgage with Defendant DHI Mortgage Company, Ltd.  *Id.*  Defendant Freedom Mortgage Corporation ("FMC") was the loan servicer.  *See id.*

On January 21, 2026, FMC notified Congress that payments for October 2025 through March 2026 were due.  ECF No. 1-1 at 25, 46. On February 3, 2026, FMC notified Congress that the loan had "been referred to foreclosure."  ECF No. 1-1 at 48.

At an unspecified time, Defendant Nestor Solutions, LLC was appointed as substitute trustee.  ECF No. 1-1 at 80.  It held a foreclosure sale on April 7, 2026.  ECF No. 1-1 at 81.  FMC

1

purchased the property, ECF No. 1-1 at 81, and, shortly thereafter, conveyed it to Defendant Secretary of Veterans Affairs, ECF No. 1-1 at 86.  Congress states that he did not receive notice of default, notice of intent to accelerate, notice of acceleration, or notice of the foreclosure sale. ECF No. 1-1 at 25.

On May 1, 2026, the Secretary of Veterans Affairs, through counsel, sent Congress a notice demanding that he vacate the Property.  *See* ECF No. 1-1 at 91–92.  Defendant Vendor Resource Management, Inc. ("VRM")—an agent of the Secretary of Veterans Affairs—reached out to Congress about conditions and options for moving out of the property.  *See* ECF No. 1-1 at 59–65.  Congress did not vacate the Property.

On May 20, 2026, the Secretary of Veterans Affairs filed a forcible detainer action against Congress, which remains pending in state court.  *See* ECF No. 1-1 at 157–58.  "A forcible detainer action does not relate to the ownership of the home, but rather '. . . seeks *possession* of property.'" *FAEC Holdings 382123 LLC v. Steve Arron Inv., LLC*, No. 4:23-CV-391-SDJ-KPJ, 2023 WL 4981608, at *3 (E.D. Tex. July 11, 2023) (emphasis in original), *report and recommendation adopted*, No. 4:23-CV-391-SDJ-KPJ, 2023 WL 4980133 (E.D. Tex. Aug. 3, 2023).

Plaintiff filed this case in state court.  His Petition was styled as an "Emergency Application for Temporary Restraining Order and Temporary Injunction to Preserve Current Possession and Prevent Enforcement of Foreclosure-Derived Possession Rights Pending Hearing."  ECF No. 1-1 at 8.  The Petition does not request any final relief.  Instead, it requests a temporary restraining order or temporary injunction prohibiting Defendants from taking possession of the Property prior to a temporary injunction hearing.  Effectively, the Petition asks the Court to temporarily restrain Defendants from pursuing their forcible detainer action or otherwise trying to take possession of the Property.

The Petition lists the following "underlying claims supporting temporary injunctive relief":

(1) "declaratory relief concerning foreclosure-derived possession authority," ECF No. 1-1 at 11;

(2) "wrongful foreclosure or foreclosure-invalidity issues based on notice, servicing, substitute-trustee authority, and foreclosure authority," *id.*;

(3) violations of Texas Property Code Section 51.002, *id.*, which provides requirements for "sale[s] of real property under a power of sale conferred by a deed of trust or other contract lien," TEX. PROP. CODE § 51.002;

(4) "disputed mortgage-servicer authority under Texas Property Code section 51.0025," *id.*;

(5) "disputed substitute-trustee authority under Texas Property Code section 51.0076"; and

(6) "any related equitable relief necessary to preserve the property and current possession pending adjudication."

ECF No. 1-1 at 11. The Petition explicitly does not ask "the Court to finally decide title or foreclosure validity at this emergency stage." ECF No. 1-1 at 16. But based on the "underlying claims" listed above, the Court understands the Petition to ultimately challenge the foreclosure and the foreclosure sale.[1]

Defendants FMC and Mortgage Electronic Registration Systems, Inc. ("MERS")[2] removed to this Court based on diversity jurisdiction.[3] Defendants DHI and VRM are Texas citizens, as is Congress. ECF No. 1 at 4. And because "the United States is not a state citizen for purposes of

---

[1] Congress is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* plaintiff to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[2] The Petition does not appear to mention any conduct by MERS. *See* ECF No. 1-1 at 8–30.

[3] Defendants do not rely on the Secretary of Veterans Affairs's presence in this suit as a basis for removal. *See* ECF No. 1; ECF No. 13 at 8; *see also* 28 U.S.C. § 1442(a)(1) (allowing officers "of the United States or of any agency thereof" to remove to federal court in certain circumstances). The Secretary of Veterans Affairs consented to removal but did not, himself, remove the case. *See* ECF No. 1.

diversity," "the [Secretary of Veterans Affairs's] inclusion as a defendant defeats diversity," absent improper joinder. *Nationstar Mortgage, LLC v. Abbott*, No. 4:25-CV-04399, 2026 WL 1765978, at *3 (S.D. Tex. Apr. 29, 2026) (cleaned up), *report and recommendation adopted*, No. 4:25-CV-04399, 2026 WL 1764856 (S.D. Tex. June 18, 2026). But Removing Defendants argue that diversity jurisdiction is still proper, because DHI, VRM, and the Secretary were improperly joined. ECF Nos. 1, 6. Congress moves to remand or, in the alternative, for a temporary restraining order pending this Court's decision on whether to remand. ECF No. 5.

## DISCUSSION

### I.      Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citing 28 U.S.C. §§ 1331 & 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." *Id.* at 437–38.

Diversity jurisdiction exists where there is *complete* diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship

from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

The general removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## II.    Analysis

The parties do not dispute that the amount in controversy exceeds $75,000. *See also Garcia v. HSBC Bank USA, Nat'l Ass'n*, No. SA-25-CA-01330-XR, 2025 WL 3654260, at *2 (W.D. Tex. Dec. 5, 2025) ("[T]he value of declaratory and injunctive relief to plaintiffs in suits seeking to set aside or prevent foreclosure is the current appraised fair market value of the property."). As noted above, Removing Defendants admit that DHI, VRM, and Congress are Texas citizens. And the Secretary of Veterans Affairs's "inclusion as a defendant defeats diversity" if he is properly joined. *Nationstar Mortgage*, 2026 WL 1765978, at *3 (cleaned up). Even so, Defendants argue that this Court has diversity jurisdiction based on "improper joinder."

"The improper joinder doctrine [is] a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It allows a court to "disregard the citizenship of" a non-diverse, improperly joined defendant; dismiss that defendant; "and exercise subject matter jurisdiction over the remaining diverse defendant[s]." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "To establish improper joinder, the removing

party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Cuevas*, 648 F.3d at 249.  Defendants do not argue that there was actual fraud here.

Whether a defendant is improperly joined under the second prong depends on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Majanomejia v. Vendor Res. Mgmt.*, No. 6:17-CV-189-RP-JCM, 2017 WL 4685003, at *2 (W.D. Tex. Oct. 18, 2017).  "[S]tated differently," a defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that] defendant." *Id.*  "A district court can determine whether a plaintiff has a reasonable basis of recovery by either (a) conducting 'a Rule 12(b)(6)-type analysis,' or (b) piercing the pleadings and conducting a summary inquiry if plaintiff has misstated or omitted key facts." *Id.*  The burden to demonstrate improper joinder is on the moving party and "is a heavy one." *Cuevas*, 648 F.3d at 249.

### a.  VRM

VRM was improperly joined.  Plaintiff's only allegation against VRM is that it contacted Congress on the Secretary of Veterans Affairs's behalf to offer services and information about vacating the Property.  Congress has not explained how that supports any cause of action.

### b.  DHI

DHI was also improperly joined.  It had no interest or role in the foreclosure or in the alleged deficiencies with the processes leading up to the foreclosure.  ECF No. 1 at 5–6.  Congress challenges actions taken by parties other than DHI and does not meaningfully rebut Defendants' assertion that DHI had no interest or role in the foreclosure or associated processes.  In light of that, there is no reason to think that Congress might be able to recover against DHI.

   c.   The Secretary of Veterans Affairs

Finally, the Secretary of Veterans Affairs was improperly joined. The Secretary purchased the Property at the foreclosure sale and now claims title. Although the Petition does not clearly state any particular causes of action against the Secretary, the Court sees three possibilities: wrongful foreclosure, trespass to try title, and quiet title.

Congress cannot prevail on a wrongful foreclosure claim against the Secretary, because the Secretary had nothing to do with the foreclosure or any purported defects related to the foreclosure.

Additionally, any wrongful foreclosure or trespass-to-try-title claim against the Secretary must fail because Congress remains in possession of the Property. *See Parr v. Deutsche Bank Nat'l Tr. Co.*, No. SA-13-CV-930-XR, 2014 WL 3943698, at *3 (W.D. Tex. Aug. 11, 2014) ("Among other things, a suit for trespass to try title requires dispossession from property."); *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 790 (5th Cir. 2018) ("[A] party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property.").

Finally, Congress has not stated a claim to quiet title against the Secretary. "Based on the facts alleged . . . , it appears [Congress] defaulted on his mortgage, and his home was subsequently foreclosed on . . . . Those facts do not state a claim for quiet title." *Jaimes v. Fed. Nat'l Mortg. Ass'n*, 930 F. Supp. 2d 692, 695, 698 (W.D. Tex. 2013); *see also In re Turner-Foga*, No. SA-20-CV-0191-OLG, 2021 WL 3913587, at *4 (W.D. Tex. Apr. 23, 2021) ("Appellant again merely argues that foreclosure irregularities occurred. But—*even if accepted as true*—that would not alone be sufficient to show that *Appellant has title* to the Property." (citation omitted)); *Smitherman*, 727 F. App'x at 790–91 (affirming dismissal of a quiet-title claim where the plaintiff had alleged that the assignment of the note and deed of trust to the foreclosing party was invalid).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 5) is **DENIED**, and Vendor Resource Management Inc., DHI Mortgage Company Ltd., and the Secretary of Veterans Affairs are **DISMISSED** from this suit.

Because the Secretary and VRM are dismissed from this suit, their Motion to Dismiss (ECF No. 15) is **MOOTED**.

Plaintiff's claims against FMC, MERS, and Nestor remain pending.

It is so **ORDERED**.

**SIGNED** this 13th day of July, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE